UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHAIPING EUGENE HONGIE,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden at Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26-CV-4073 JLS (JAC)

**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 6)

Presently before the Court is Petitioner Chaiping Eugene Hongie's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 6). Also before the Court are Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 8) and Petitioner's Traverse ("Traverse," ECF No. 8). For the reasons set forth below, the Court **GRANTS IN PART** the Amended Petition for a Writ of Habeas Corpus.

**BACKGROUND**

Petitioner, a citizen of Cameroon, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center for over seven months. Pet. at 2. Petitioner escaped Cameroon after being kidnapped by the military. *Id.* The

government killed Petitioner's parents for aiding in his escape to Brazil. *Id.* Petitioner entered the United States on December 11, 2025, seeking asylum, was detained by border officials, and later passed a credible fear interview. *Id.* An immigration judge denied his asylum application and ordered him removed to Cameroon on June 8, 2026, a decision which he appealed. *Id.*; Ret. at 2. Petitioner now alleges that his prolonged detention violates the Due Process Clause of the Fifth Amendment. *See generally* Pet.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I. Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioner's claims arise from the decision to commence removal proceedings. Ret. at 3–4. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly"

as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at 997. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, Petitioner is challenging his prolonged detention without a bond hearing. *See* Traverse at 3. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

**II. Merits**

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the

government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, approximately seven months, without a bond hearing weighs in Petitioner's favor. Courts have found that detention of similar lengths without a bond hearing weighs in favor of finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he "has reason to anticipate significant future detention," as "his case is on appeal to the BIA and will possibly go to the Ninth Circuit." Pet. at 8. The Court agrees, as the appeal to the BIA may take months, and any appeal to the Ninth Circuit thereafter may take years. *See* *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved"). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest significant delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

/ / /

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 6) and **ORDERS** the Government to provide Petitioner with a bond hearing within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance. The Government **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The Court **DENIES** the Amended Petition to the extent it seeks release. The Parties **SHALL FILE** a Joint Status Report by September 1, 2026, informing the Court of the outcome of the hearing or the status of the hearing if Petitioner requests a continuance. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge